## JOHN M. EUSTIS *versus* TYLER KIDDER.

In an action against a constable to recover the penalty incurred by serving a writ before having given a bond in conformity with the provisions of the thirty-fifth section of the one hundred and fourth chapter of the Revised Statutes, every fact and averment necessary, to show that the defendant has incurred the penalty, must be found in some one count of the declaration, or it will be insufficient.

It is a fatal defect, if the declaration does not allege that the defendant, at the time of the service of the writ, was a constable. And an allegation that he then had a writ in his custody " in the capacity of a constable," and that he did then and there " in the capacity of a constable as aforesaid make service of said writ," is not an averment, that he was one. A man may act as a constable without being one.

A constable does not incur such penalty by serving a writ, if he has conformed in all respects to the provisions of Rev. Stat. c. 104, § 35, relative to giving bond, saving that the approval of the selectmen of the town has not been indorsed thereon ; that provision being merely directory to them.

THIS case came before the Court on a demurrer to the declaration. The defects considered by the Court, in their opinion, will be found therein. It therefore becomes unnecessary to notice the other causes of demurrer, or the arguments in relation thereto.

*Walton,* for the defendant, in support of the demurrer, said that this was a penal action, and that the declaration should contain every averment material to sustain the action, or the declaration must be adjudged bad, on demurrer. *Barter* v. *Martin,* 5 Greenl. 76.

The first count is defective, because, it does not allege that the writ was of the description which a constable is authorized to serve ; nor does it state, that the defendant was a constable when he served the writ. No one but a constable is required by law to give bond, as a constable.

The second count alleges, that the defendant, before he served the writ, did not give the proper bond, *with the approval of the selectmen, indorsed thereon.* The bond might have been given conformably in all respects to law, unless the constable was liable to the penalty, because the approval of the selectmen was not indorsed upon the bond. The statute, c.

104, § 35, only requires that the constable shall not serve a process " before giving such bond," without incurring the penalty. The making and delivering a sufficient bond to the selectmen is all he could do, and all the law requires of him. He could not know, whether the selectmen did, or did not indorse their approval after they had accepted the bond as a sufficient one. It was their business, not his. The statute does not require it of him.

*Howard* and *Shepley*, for the plaintiff, said that if either count in the declaration was good, it was sufficient. Gould's Pl. c. 4, § 5, 6 ; 1 Saund. 286, note 9. Both are good.

It was contended in argument, that the first count did allege, that the defendant was a constable, and as such served the writ before giving the bond required by law.

The second count alleges, that the defendant was a constable at the time he served the writ, in direct language ; and instead of saying generally, as in the first count, that he had not then given bond as required by law, gives the very language of the statute, and alleges that the defendant had not given bond conformably thereto. This, it is said, is not sufficient, because he was not bound to do all which the statute requires, should be done, to qualify him to serve writs. The statute requires, that the bond should be " sufficient in the opinion of the selectmen," and points out the mode in which that opinion shall be made known, by indorsing " their approval on said bond and in their own hands." The defendant might have seen that this was done ; and until it was done, the provision of the statute was not complied with, and the defendant incurred the penalty by serving the writ.

The opinion of the Court was drawn up by

SHEPLEY J. — The action is debt to recover a penalty alleged to have been incurred by a violation of the statute, c. 104, § 35. There is a special demurrer to the declaration, which contains two counts. Every fact and averment necessary to shew, that the defendant has incurred the penalty,

must be found in one of the counts. If found in either, that one will be sufficient.

The first count alleges, that the defendant " did then and there, in the capacity of a constable of the town of Dixfield aforesaid, have in his custody a writ of attachment in a personal action ;" and after describing it, further alleges, " did then and there, at Dixfield aforesaid, in the capacity of constable, as aforesaid, make service of said writ." It does not allege, that he was a constable of the town of Dixfield. This is a material defect. A person may, without being a constable, act in the capacity of one, and thereby commit an offence punishable by statute c. 158, § 28. But if he should do so, he would not incur a forfeiture under c. 104, § 35, by neglecting to give the bond required of a constable.

The second count alleges, that the defendant was a constable of that town, that in that capacity he made service of a writ of attachment in a personal action described, and that " the said Kidder did not at any time before the service of said writ and process execute a bond in manner and form as required by the statute in such case made and provided, to wit, that the said Kidder did not then or before that time, and before service of said writ as aforesaid, give bond to the inhabitants of his said town of Dixfield in the sum of five hundred dollars, with sureties sufficient in the opinion of the selectmen of said town, with their approval indorsed on said bond in their own hands, for the faithful performance of the duties of his office as to all processes by him served or executed."

The allegation made in general terms, that he had not executed a bond as required by the statute, is restricted by the *scilicet* and the subsequent language. *Stukely* v. *Butler,* Hob. 171 ; *Skinner* v. *Andrews,* 1 Saund. 170, and note 2.

If the latter allegation may be true, and yet the constable may have performed all the duties required of him by the statute, this count also will be defective, for it may be, that the defendant has not incurred the forfeiture.

The words of the statute are : — " Every constable, before he shall serve any writ or execution, shall give bond to the in-

habitants of his town in the sum of five hundred dollars with two sureties, sufficient in the opinion of the selectmen of the town, who shall indorse their approval on ¯said bond and in their own hands, for the faithful performance of the duties of his office as to all processes by him served or executed."

All the duties required to be performed by the constable will be prescribed, if the words, " who shall indorse their approval on said bond and in their own hands," be omitted. Those words were not introduced to prescribe his duties ; and they might with entire propriety have been introduced in a separate clause. It could not have been the intention to make the constable responsible for the performance of duties required of the selectmen ; and to subject him to a penalty for their neglect. It is not essential to the validity of the bond, that the approval of the selectmen should be indorsed upon it. That provision is directory to them, and intended to be beneficial to the constable by affording evidence, that his sureties had been adjudged to be sufficient, and also to those, who might become interested in the bond by shewing, that such adjudication had been formal and deliberate. A provision merely directory cannot constitute a part of the contract, which may be enforced, should the officers required to perform such duty neglect it. *Bank of the United States* v. *Dandridge*, 12 Wheat. 81. That case and others alluded to in the opinion of Mr. Justice Story, exhibit instances, where clauses or phrases in statutes have been held to be directory in cases liable to much more of doubt than the present.

*Declaration adjudged bad.*